LATHAM & WATKINS LLP
  Perry J. Viscounty (Bar No. 132143)
  *perry.viscounty@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
714.540.1235 / 714.755.8290 (Fax)

LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
  *jennifer.barry@lw.com*
  Patrick C. Justman (Bar No. 281324)
  *patrick.justman@lw.com*
12670 High Bluff Drive
San Diego, CA  92130
858.523.5400 / 858.523.5450 (Fax)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., a California corporation, | CASE NO. 8:17-cv-00973 |
| Plaintiff, | **Complaint For:** |
| v. | **(1) Trademark Infringement (Lanham Act, 15 U.S.C. § 1114)** |
| KIM FLYNN, an Individual; KIM FLYNN CONSULTING, INC. DBA ENTREPRENEUR SIMPLIFIED, a Utah corporation, and DOES 1-10. | **(2) Unfair Competition/False Designation of Origin (Lanham Act, 15 U.S.C. § 1125(a))** |
| Defendants. | **(3) Common Law Trademark Infringement** |
| | **(4) Common Law Unfair Competition** |
| | **<u>DEMAND FOR JURY TRIAL</u>** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

COMPLAINT
DEMAND FOR JURY TRIAL

# COMPLAINT

## NATURE OF ACTION

1.     Plaintiff Entrepreneur Media, Inc. ("EMI") brings this complaint against Defendants for (i) federal trademark infringement and false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*.; and (ii) common law trademark infringement and unfair competition under California law, and alleges, with knowledge concerning its own acts and on information and belief as to all other matters (unless otherwise specifically stated), as follows:

## THE PARTIES

2.     EMI is a California corporation with its principal place of business at 18061 Fitch Avenue, Irvine, California 92614.

3.     Defendant Kim Flynn is an individual residing at 1077 East Breton Woods Lane, Orem, Utah 94097, who conducts business in California and within this District, and throughout the United States under the ENTREPRENEUR SIMPLIFIED mark.  Ms. Flynn is the founder, owner, officer, and director of Defendant Kim Flynn Consulting, Inc., DBA Entrepreneur Simplified ("Kim Flynn Consulting") and she authorized, approved, directed, controlled, ratified, participated in, instigated, and/or was otherwise the moving, active, central, and/or conscious force or figure behind the unlawful activity alleged herein.

4.     Kim Flynn Consulting is a Utah corporation with its principal place of business at 1077 East Breton Woods Lane, Orem, Utah 94097, that conducts business in California and within this District, and throughout the United States under the ENTREPRENEUR SIMPLIFIED mark.

5.     Does 1-10 are persons or entities responsible in whole or in part for the wrongdoing alleged herein ("Doe Defendants").  Each of the Doe Defendants participated in, ratified, endorsed, and/or was otherwise involved in the acts complained of, and they have liability for such acts.  EMI will amend this

Complaint if and when the identities of such persons or entities and/or the scope of their actions become known.

6.     Defendants Kim Flynn, Kim Flynn Consulting, and the Doe Defendants are referred to, collectively, as "Defendants."

7.     As fully detailed below, Defendants use the ENTREPRENEUR SIMPLIFIED mark (alternatively referred to as the "Infringing Entrepreneur Mark") in such a manner that violates EMI's longstanding and strong rights in the ENTREPRENEUR® mark.

## JURISDICTION AND VENUE

8.     Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over EMI's claims for relief for violation of the Lanham Act.  Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over EMI's state law trademark infringement claim because it is joined with substantial and related claims under the Lanham Act.  This Court also has supplemental jurisdiction over EMI's state law claim pursuant to 28 U.S.C. § 1367(a) because all of EMI's claims arise out of a common nucleus of operative facts.

9.     This Court has personal jurisdiction over Defendants, and each of them, because (i) Defendants have (a) conducted substantial business in the State of California; (b) derived financial benefits from residents of the State of California, including by marketing and selling infringing products and services to residents of the State of California and otherwise placing infringing products and services into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including within this District; (c) purposefully availed themselves of the privilege of conducting business within the State of California; and (d) sought protection and benefits  from the laws of the State of California; and (ii) the causes of action arise directly from the Defendants' business contacts and other activities in the State of California.

10. Venue in this Court exists under (i) 28 U.S.C. §§ 1391(b)(1), (c)(2) as Defendants reside in this District as they are subject to the Court's personal jurisdiction; and (ii) 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to EMI's claims occurred within this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### EMI and its Successful ENTREPRENEUR® Brand

11. For nearly forty years, EMI (together with its predecessor companies) has published magazines and books, which provide editorial content and other information, as well as offered products and services related, or of interest, to businesses, business owners, and prospective business owners.

12. EMI's longstanding marketing and sales efforts have been conducted primarily under the mark ENTREPRENEUR® (the "ENTREPRENEUR Mark").

13. EMI is the publisher of ENTREPRENEUR® magazine and other publications incorporating the ENTREPRENEUR name in their titles. ENTREPRENEUR® magazine is published monthly with a current print and digital paid circulation, including both subscriptions and single-copy sales, of more than 590,000 in the United States and worldwide. ENTREPRENEUR® magazine is sold and distributed in over one-hundred foreign countries.

14. ENTREPRENEUR® magazine routinely features articles about and interviews with some of the biggest names in the business community, including Richard Branson, skateboarding icon Tony Hawk, NFL quarterback Drew Brees, and hip hop mogul Russell Simmons:



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

COMPLAINT
DEMAND FOR JURY TRIAL

15. ENTREPRENEUR® magazine also annually publishes, and has continuously published for over thirty years, the highly anticipated Franchise 500® ranking of America's top franchises using EMI's top-secret formula:

   

16. EMI also publishes and distributes within the United States and worldwide over 200 book titles under the ENTREPRENEUR Mark and ENTREPRENEUR PRESS® in print:

  

17. EMI has also launched many of its most successful titles as e-books:

 






Start Your Own Child-Care Service (3rd Ed.)   Start Your Own Clothing Store and More (3rd Ed.)   Start Your Own Retail Business and More

18.     EMI also conducts seminars, workshops, and other educational programs geared towards teaching others to successfully start and operate businesses.  These events have included: (i) the *Entrepreneur® Masters & Mentors* seminar series sponsored by Cathay Pacific and Nissan, (ii) *Entrepreneur® Magazine's GrowthCon* conference sponsored by Canon USA, and (iii) the *Entrepreneur 360™*, a conference sponsored by The Lincoln Motor Company, Canon USA, AXA Financial, and American Airlines.

19.     EMI operates a number of websites to further disseminate and market its content and services, including *Entrepreneur.com*, *Entrepreneurnetwork.com*, and various social media channels and mobile apps.

20.     The website at *Entrepreneur.com* has recently averaged more than eighteen million unique users and more than forty-six million page views per month.

21.     EMI has also launched apps for iPhones/ iPads and Android:



22.     EMI's fame and high-quality content and services have resulted in numerous co-branding business relationships with some of the top names in news and business.  These co-branding relationships have most recently included: (i) contests sponsored by General Motors and Canon USA; (ii) content provided and branded by CNBC, Reuters, NFL Players Association, and Business Insider; (iii) Princeton Review (ranking top entrepreneurial schools); (iv) Great Place to Work® (annual Best Small & Medium Workplaces rankings); (v) Palo Alto Software (Entrepreneur Magazine's Business Plan Pro® software); and (vi) an online forms and documents service with SeamlessDocs.

23.     Most recently and in particular, EMI has:  (i) partnered with Steve Case's ***Rise of the Rest***™, a nationwide program to promote entrepreneurship in startup ecosystems within middle America; (ii) hosted a contest with Canon USA under the rubric ***Project Grow Challenge***, in which businesses were awarded money based on how they proposed to grow their businesses through increased productivity and consumer awareness; and (iii) partnered with Chivas Brothers Limited as its exclusive media content partner, in connection with and support of Chivas' annual event known as ***The Venture***, a worldwide competition to discover, celebrate, and award with investment dollars extraordinary startup businesses creating positive social change.

24.     Through careful cultivation of its various products and services, EMI has developed an outstanding reputation as an innovator in the field of business start-ups and strategy and has established an extremely loyal customer following.

25.     EMI has received a tremendous amount of public recognition and acclaim for the products sold and services provided under its ENTREPRENEUR Mark.  Through EMI's widespread and continuous use of the ENTREPRENEUR Mark, it has acquired extensive goodwill, developed a high degree of distinctiveness, and become famous, well known, and recognized as identifying goods and services that originate from EMI.

26.     The fame and quality of the products and services bearing the ENTREPRENEUR Mark have been widely recognized through industry awards and commendations.  For example, ENTREPRENEUR® magazine was a finalist in two categories in Folio's 2010 Eddie & Ozzie magazine awards, has been named one of the top performing magazines for four years in "Capell's Circulation Report," and has been honored for its content by receipt of the prestigious Maggie award in 2008, 2009, 2010, and 2011 from the Western Publishing Association. EMI's website at *Entrepreneur.com* has been awarded "Outstanding Achievement in Web Development" by the Web Marketing Association, and its networking

website under the ENTREPRENEUR CONNECT Mark was voted the #1 "Top 10 Social Networks for Entrepreneurs" by Mashable.com. EMI has also received multiple Integrated Marketing Awards from MIN for its magazine and website, including being selected as an awards finalist in 2015.

27.  In addition, both ENTREPRENEUR® magazine and the *Entrepreneur.com* website have been named to BtoB magazine's 2010, 2011, and 2012 lists of the top 50 media outlets for business-to-business advertising. EMI's management and staff have also been recognized for their contributions to publishing and the media industry, including such awards and recognitions in 2015 as (i) Folio's designation of an EMI staff writer as one of the "Top Women in Media," and (ii) Fast Company's recognition on Twitter of EMI's Editor-in-Chief as one of the "25 Smartest Women in Media."

### EMI's Intellectual Property Rights

28.  EMI owns, and has obtained United States federal registrations for, the ENTREPRENEUR Mark, as well as a family of related marks incorporating the term ENTREPRENEUR, as follows:

| TRADEMARK | CLASS: GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| ENTREPRENEUR | 16: Paper goods and printed matter; namely magazines, books, and published reports pertaining to business opportunities | 1,453,968 August 25, 1987 |
| ENTREPRENEUR | 35: Advertising and business services, namely, arranging for the promotion of the goods and services of others by means of a global computer network and other computer online services providers; providing business information for the use of customers in the field of starting and operating small businesses and permitting customers to obtain information via a global computer network and other computer online service providers; and web advertising services, namely, providing active links to the websites of others | 2,263,883 July 27, 1999 |

| TRADEMARK | CLASS:  GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| ENTREPRENEUR | 35:  Arranging and conducting trade show exhibitions in the field of entrepreneurial activities, namely, the start-up and operation of small business enterprises<br>41:  Educational services, namely, conducting seminars on the development and operation of businesses, and conducting workshops on computer technology, telecommunications, marketing, financing options, real estate management, tax planning, and insurance | 2,502,032 October 30, 2001 |
| ENTREPRENEUR | 38:  Streaming of video and digital material on the Internet | 4,260,948 December 18, 2012 |
| ENTREPRENEUR | 9:  Downloadable computer software and software for mobile devices for the reproduction, display, and distribution of digitized content | 4,345,424 June 4, 2013 |
| ENTREPRENEUR BOOKSTORE | 35: Online ordering services featuring printed and electronically downloadable publications, namely, books, study guides, legal and business forms, and newsletters, concerning advice and information relating to starting and operating a business and other topics concerning and of interest to entrepreneurs, new and existing businesses, and members of the general public | 4,612,937 September 30, 2014 |
| ENTREPRENEUR PRESS | 16:  Paper goods and printed matter, namely, books, manuals, prepared reports, work books, study guides, legal and business forms, and newsletters concerning advice and information relating to the subjects of starting, running, and operating a business, and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses, and members of the general public<br>35:  Online ordering services featuring printed and electronically downloadable publications, namely, books, study guides, legal and business forms, and newsletters, concerning advice and information relating to the subjects of starting, running, and operating a business and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses and members of the general public | 3,470,064 July 22, 2008 |
| | 16:  Paper goods and printed matter, namely, books, manuals, prepared reports, work books, study guides, legal and business forms, and newsletters concerning advice and information relating to the subjects of starting, running and operating a business, and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing | 3,470,063 July 22, 2008 |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

8

COMPLAINT
DEMAND FOR JURY TRIAL

| TRADEMARK | CLASS:  GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| | businesses, and members of the general public<br>35:  Online ordering services featuring printed and electronically downloadable publications, namely, books, study guides, legal and business forms, and newsletters, concerning advice and information relating to the subjects of starting, running, and operating a business and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses, and members of the general public | |
| ENTREPRENEUR'S STARTUPS | 9:  Downloadable computer software and software for mobile devices for the reproduction, display, distribution, and sharing of digitized content; downloadable electronic publications, namely, magazines in the fields of business, finance, sales, marketing, current events, lifestyle issues, and developments in science and technology | 4,532,577 May 20, 2014 |
| ENTREPRENEUR'S STARTUPS | 16:  Paper goods and printed matter; namely, magazines, books, booklets, and published reports pertaining to business opportunities | 3,204,899 February 6, 2007 |
| ENTREPRENEUR 360 | 16:  Annual featured issue of magazine featuring the achievements of successful non-franchise and privately-owned  businesses and publications related thereto,  providing information and incentive to others to pursue excellence in business pursuits by presenting awards on an annual basis, and promoting award recipients and providing recognition by the way of awards to demonstrate excellence in the field of business.<br>35:  Advertising and business services, namely, arranging for the promotion of the goods and services of others by means of a global computer network and other computer online services providers; providing business information to customers in the field of starting and operating non-franchise and privately-owned businesses by means of a global computer network and other computer online service providers; advertising services, namely, providing advertising space in a magazine featuring news and information concerning the field of non-franchise and privately-owned businesses; providing statistics, ratings, and rankings and other information capable of being updated on a continuing basis through an interactive database and about businesses which are not franchises and are privately-owned. | 5,052,999 October 4, 2016 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

9

COMPLAINT
DEMAND FOR JURY TRIAL

| TRADEMARK | CLASS: GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| | 41: Recognizing the achievements of successful non-franchise and privately-owned businesses and providing incentive to others to pursue excellence in business pursuits by presenting a wards on an annual basis and promoting award recipients; providing recognition by the way of awards to demonstrate excellence in the field of business; arranging and conducting educational conferences; educational services, namely, developing, arranging, and conducting educational conferences and programs and providing courses of instruction in the field of business administration and management | |

29.    The above marks are collectively referred to as the "EMI Marks." The above registrations are collectively referred to as the "EMI Registrations."

30.    EMI's three U.S. registrations for the ENTREPRENEUR Mark (Nos. 1453968; 2263883; 2502032) and several other of the foregoing registrations are also incontestable pursuant to 15 U.S.C. § 1065, which constitutes conclusive evidence of the registrations' validity, as well as EMI's entitlement to the exclusive use of the marks in commerce throughout the United States on the goods and services listed in the registrations.

31.    Further, the EMI Registrations constitute prima facie evidence that the marks are valid, and that EMI is entitled to the exclusive use of the marks in commerce throughout the United States on the goods and services listed in the registrations.

32.    EMI, and its predecessors in interest, have been and are now engaged in the business of developing, creating, distributing, marketing, advertising, and selling a wide variety of goods and services under the EMI Marks, and in particular under the ENTREPRENEUR Mark. In fact, EMI has used the ENTREPRENEUR Mark in commerce for over 30 years, having first adopted that mark for magazines at least as early as May 2, 1978, and it is famous, well-known, and recognized as identifying goods and services that originate from EMI.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

10

COMPLAINT
DEMAND FOR JURY TRIAL

33. Through careful cultivation of its goods and services provided under the EMI Marks, and in particular the ENTREPRENEUR Mark, EMI has developed an outstanding reputation as an innovator in the field of business start-ups and strategy and has established an extremely loyal customer following. Through EMI's widespread and continuous use of its family of EMI Marks, these marks have acquired extensive goodwill, developed a high degree of distinctiveness, and become well-known and recognized as identifying goods and services that originate from EMI.

34. Numerous courts have recognized the strength of the EMI Marks, including:

   i. The U.S. District Court for the Central District of California held that "[t]he extensive advertising and public recognition over the past 25 years have established [the ENTREPRENEUR® Mark] as a strong mark in the industry"; the ENTREPRENEUR® Mark "is a strong distinctive mark, deserving of significant protection"; and the ENTREPRENEUR Mark "has acquired secondary meaning." *Entrepreneur Media, Inc. v. Smith*, No. 98-3607, 2004 U.S. Dist. Lexis 24078, *9–10, 13 (C.D. Cal. June 23, 2004).

   ii. The Ninth Circuit reviewed the District Court's findings and affirmed them on appeal. *Entrepreneur Media, Inc. v. Smith*, 101 Fed. App'x 212, 215 (9th Cir. 2004).

   iii. Both a Magistrate Judge and District Court Judge in the Eastern District of Virginia found the ENTREPRENEUR Mark to be distinctive. *Entrepreneur Media, Inc. v. seattleentrepreneur.com*, No. 11-00409, Docket No. 22 (E.D. Va. Dec. 6, 2011).

   iv. The U.S. District Court for the District of Maryland has twice recognized the EMI Marks as valid, strong, and distinctive. *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC, et al.*,

No. RDB-12-1970, Docket No. 30 (D. Md. July 23, 2013); *id.*, Docket No. 47 (Apr. 7, 2014).

v.    The U.S. District Court for the District of Connecticut has recognized that "the EMI Marks, and in particular the ENTREPRENEUR Mark, have acquired extensive goodwill, developed a high degree of distinctiveness and secondary meaning, and become well known and recognized as identifying goods and services that originate from EMI, such that they are deserving of strong protection." *Entrepreneur Media, Inc. v. Whitehill et al.*, No. 13-cv-01819(MPS), Docket No. 19 (D. Conn. Aug. 19, 2015).

**Defendants' Unauthorized Use of EMI's Marks**

35.    Defendants offer coaching, consulting, and related goods and services targeted at small and medium-sized business owners under the ENTREPRENEUR SIMPLIFIED mark and logo, as shown here:

36.    Defendants use the ENTREPRENEUR SIMPLIFIED mark on their *entrepreneursimplified.com* domain name and website with a wide variety of goods and services, including but not limited to training programs, and promotional and educational videos and materials, as shown below:

///

///

///

///

///

///

///





LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

COMPLAINT
DEMAND FOR JURY TRIAL

(*entrepreneursimplified.com*)

37.    Defendants also promote and use the ENTREPRENEUR SIMPLIFIED mark on social media websites, including but not limited to Facebook, YouTube, Instagram, and Twitter (collectively, the "Social Media Accounts"), as depicted below:



(*www.facebook.com/Entre.Simplified*)



(*www.youtube.com/user/TheKimFlynn/videos*)



*(https://www.instagram.com/entre.simplified)*



*(https://twitter.com/entre_simp)*

38.  Defendants offer, market, and promote their goods and services through a variety of channels, including their (i) *entrepreneursimplified.com* domain name and website; (ii) Social Media Accounts; and (iii) local events held in over 47 cities across the United States.  Indeed, Defendants' website includes testimonials from consumers in various states, including a testimonial from a California consumer, and Defendants highlight their nationwide activities, including within California, as demonstrated by the below advertisement:





LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

COMPLAINT
DEMAND FOR JURY TRIAL

39.     Defendant Kim Flynn Consulting filed a federal trademark application for the ENTREPRENEUR SIMPLIFIED mark (App. No. 87/151456) on August 25, 2016 (the "Infringing Entrepreneur Trademark Application") for the following services in Class 41: "Educational services, namely, providing on-line videos, newsletters, information, and commentary in the field of entertainment, business, education, communications, and self-improvement; Educational services, namely, providing educational conferences, seminars, and events in the fields of entertainment, business, education, communications, and self-improvement; Educational and entertainment services, namely, providing motivational and educational speakers; Arranging and conducting educational conferences."  The Infringing Entrepreneur Trademark Application remains pending.

40.     In light of EMI's renown, online presence, and long history of providing articles, profiles, newsletters, and information for small- and mid-sized businesses, as well as hosting seminars and other educational events, EMI is very concerned that consumers will likely be confused and mistakenly believe that Defendants and their goods and services are endorsed, approved, or sponsored by, or affiliated, connected, or associated with EMI.

41.     Defendants will thus reap the benefits of EMI's reputation and goodwill based on this consumer confusion, to EMI's detriment.

42.     EMI has attempted to reconcile its concerns with Defendants several times, but Defendants have refused to cease use of the Infringing Entrepreneur Mark or abandon the Infringing Entrepreneur Trademark Application.

**EMI Is Harmed By Defendants' Continuing**

**Infringement & Unlawful Conduct**

43.     Defendants' continued use of the confusingly similar Infringing Entrepreneur Mark in commerce violates EMI's valuable intellectual property rights in the EMI Marks and EMI Registrations, and Defendants' knowing, intentional, willful, and malicious use of this mark is damaging EMI.

44.     Due to Defendants' continuing willful infringement and unlawful conduct, EMI is now forced to bring this Complaint to protect its valuable and longstanding intellectual property rights.  EMI had to retain counsel and incur substantial fees and costs (and it continues to incur those fees and costs) to prosecute this suit and pursue its claims.

45.     EMI's interest in protecting its intellectual property rights and its products and services from consumer confusion outweigh any harm to Defendants. The public interest is best served by granting EMI's requested relief against Defendants.

**FIRST CLAIM FOR RELIEF**

**Federal Trademark Infringement – 15 U.S.C. § 1114**

46.     EMI incorporates by reference the factual allegations set forth above.

47.     EMI owns the EMI Marks and the EMI Registrations.  The trademarks reflected in the EMI Registrations are strong and distinctive and designate EMI as the source of all products and services advertised, marketed, sold, or used in connection with the EMI Marks.  In particular, the ENTREPRENEUR Mark has been used for over thirty years and has been recognized by federal courts as a strong and distinctive mark.

48.     EMI is the senior user of the EMI Marks as it began use of those marks in interstate commerce prior to Defendants' first use of the confusingly similar Infringing Entrepreneur Mark.

49.     Defendants do not have authorization, license, or permission from EMI to market and sell their products and services under the Infringing Entrepreneur Mark, which is confusingly similar to the EMI Marks, including the ENTREPRENEUR Mark, and is used with products and services that are identical and/or closely related to the particular products and services associated with the EMI Marks, particularly the ENTREPRENEUR Mark.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

18

COMPLAINT
DEMAND FOR JURY TRIAL

50.   Defendants were aware of the EMI Marks, particularly the ENTREPRENEUR Mark, as Defendants were on constructive notice based on EMI's longstanding federal registrations, as well as on actual notice based on EMI's numerous communications to Defendants about this issue.  Thus, Defendants' unauthorized use of the confusingly similar Infringing Entrepreneur Mark was and is knowing, intentional, and willful.

51.   As a direct and proximate result of Defendants' wrongful conduct, EMI has been and will continue to be damaged.

52.   Defendants' actions therefore constitute trademark infringement.

53.   Unless an injunction is issued enjoining any continuing or future use of the confusingly similar Infringing Entrepreneur Mark by Defendants, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, and will thereby irreparably damage EMI.

54.   Defendants' activities have caused and will continue to cause irreparable harm to EMI, for which it has no adequate remedy at law, because: (i) the EMI Marks, and in particular and the ENTREPRENEUR Mark, comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendants' infringement constitutes interference with EMI's goodwill and customer relationships and is harming and will continue to substantially harm EMI's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to EMI, are continuing.  Accordingly, EMI is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

55.   Pursuant to 15 U.S.C. §1117(a), EMI is entitled to an order: (i) requiring Defendants to account to EMI for any and all profits derived from their infringing actions, to be increased in accordance with the applicable

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

19

COMPLAINT
DEMAND FOR JURY TRIAL

provisions of law; and (ii) awarding all damages sustained by EMI that were caused by Defendants' conduct.

56. Defendants' conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), EMI is therefore entitled to an award of treble damages against Defendants.

57. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); thus EMI is entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

**Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)**

58. EMI incorporates by reference the factual allegations set forth above.

59. The EMI Marks, and in particular the ENTREPRENEUR Mark, are strong and distinctive and designate EMI as the source of all goods and services advertised, marketed, sold, or used in connection with those marks. In addition, by virtue of EMI's decades of use of the ENTREPRENEUR Mark in connection with its products and services, and its extensive marketing, advertising, promotion, and sale of its products and services under that mark and the EMI Marks, the EMI Marks, including in particular the ENTREPRENEUR Mark, have acquired secondary meaning, whereby the consuming public of this District, the State of California, and the United States associate the EMI Marks with a single source of products and services.

60. EMI is the senior user of the EMI Marks as it began use of those marks in interstate commerce prior to Defendants' first use of the confusingly similar Infringing Entrepreneur Mark.

61. Defendants were aware of the EMI Marks, and in particular the ENTREPRENEUR Mark, as Defendants were on constructive notice based on EMI's longstanding federal registrations, as well as on actual notice based on EMI's numerous communications to Defendants about this issue. Thus,

Defendants' unauthorized use of the confusingly similar Infringing Entrepreneur Mark was and is knowing, intentional, and willful.

62.    Through their use of the confusingly similar Infringing Entrepreneur Mark, Defendants intended to, and did in fact, confuse and mislead consumers into believing, and misrepresented and created the false impression,that EMI somehow authorized, originated, sponsored, approved, licensed, or participated in Defendants' use of the confusingly similar Infringing Entrepreneur Mark.

63.    In fact, there is no connection, association, or licensing relationship between EMI and Defendants, nor has EMI ever authorized, licensed, or given permission to Defendants to use the confusingly similar Infringing Entrepreneur Mark in any manner.

64.    Defendants' use of the confusingly similar Infringing Entrepreneur Mark will likely cause confusion as to the origin and authenticity of Defendants' website, events, and related goods and services and will likely cause others to believe that there is a relationship between Defendants and EMI when there is, in fact, not.

65.    As a direct and proximate result of Defendants' wrongful conduct, EMI has been and will continue to be damaged.

66.    Defendants' actions thus constitute false designation of origin and unfair competition.

67.    Defendants' activities have caused, and will continue to cause, irreparable harm to EMI, for which it has no adequate remedy at law, in that: (i) the EMI Marks, including the ENTREPRENEUR Mark, comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendants' infringement constitutes interference with EMI's goodwill and customer relationships and will substantially harm EMI's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the

damages resulting to EMI, are continuing. Accordingly, EMI is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

68. Pursuant to 15 U.S.C. §1117(a), EMI is entitled to an order: (i) requiring Defendants to account to EMI for any and all profits derived from their actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by EMI that were caused by Defendants' conduct.

69. Defendants' conduct was and is intentional and without foundation in law, and pursuant to 15 U.S.C. § 1117(a), EMI is therefore entitled to an award of treble damages against Defendants.

70. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); thus EMI is entitled to an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

71. EMI incorporates by reference the factual allegations set forth above.

72. EMI has valid and protectable common law rights in the EMI Marks.

73. EMI is the senior user of the EMI Marks.

74. Defendants' conduct constitutes infringement of EMI's common law rights in the EMI Marks.

75. Defendants' use of the EMI Marks and Infringing Entrepreneur Mark on unauthorized goods and services is likely to cause confusion as to the origin of Defendants' goods and services and is likely to cause others to believe that there is a relationship between Defendants and EMI.

76. Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of EMI's reputation and the substantial goodwill it has built up in the EMI Marks.

77. As a direct and proximate result of Defendants' wrongful conduct, EMI has been and will continue to be damaged.

78.     Unless an injunction is issued enjoining any continuing or future use of the EMI Marks by Defendants, such continuing or future use is likely to continue to cause confusion and thereby irreparably damage EMI.  EMI has no adequate remedy at law.  Accordingly, EMI is entitled to an injunction.

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

79.     EMI incorporates by reference the factual allegations set forth above.

80.     EMI has expended significant time and expense in developing the EMI Marks and the high-quality products and services it markets and sells under those marks.  The EMI Marks have been very successful and have developed a substantial reputation and goodwill in the marketplace.

81.     Through their wrongful conduct, Defendants have misappropriated EMI's efforts and are exploiting the EMI Marks and EMI's reputation to market and sell their services under the Infringing Entrepreneur Mark.  These actions constitute unfair competition.

82.     As a direct and proximate result of Defendants' wrongful conduct, EMI has been and will continue to be damaged.

83.     Unless an injunction is issued enjoining Defendants' unfairly competitive conduct, EMI will continue to be damaged irreparably.  EMI has no adequate remedy at law.  Accordingly, EMI is entitled to an injunction.

84.     Defendants have acted willfully, intentionally and maliciously, such that EMI is entitled to punitive damages.

## PRAYER

WHEREFORE, EMI prays for the following relief:

A.     An injunction ordering Defendants, and their officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with them, who receive actual notice of the injunction order by personal or other service, to:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

23

COMPLAINT
DEMAND FOR JURY TRIAL

i.   cease all use and never use the ENTREPRENEUR SIMPLIFIED mark, the EMI Marks, or any other mark likely to cause confusion with the EMI Marks, in connection with the promotion, advertising, offering for sale, or sale, of any products or services;

ii.  never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, or sold by Defendants are in any manner associated or connected with EMI, or are licensed, approved, or authorized in any way by EMI;

iii. never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that Defendants, or any of their goods or services, are related to, authorized, or sponsored by EMI;

iv.  cease all use of the *entrepreneursimplified.com* domain name and any similar domain names, and never register any domain names that contain any of the EMI Marks, or any domain names confusingly similar to any of the EMI Marks;

v.   cease all use of the Social Media Accounts and any similar accounts or social media websites, and never register any social media account that contains any of the EMI Marks, or any social media account confusingly similar to any of the EMI Marks;

vi.  never unfairly compete with EMI in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices

that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing any of the EMI Marks;

vii.    withdraw with prejudice the Infringing Entrepreneur Trademark Application; and

viii.    never apply for or seek to register any mark that is likely to cause confusion with any of the EMI Marks.

B.    An order pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve upon EMI's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

C.    An order transferring to EMI all domain names, including but not limited to *entrepreneursimplified.com*, in Defendants' possession, custody, or control that include the word "entrepreneur" or any misspelling thereof, or are otherwise confusingly similar to or contain any of the EMI Marks.  To give practical effect to this order, a further order requiring the Registrar for any of the foregoing domain names to, within fourteen (14) days of receipt of the order, transfer those subject domain names to EMI if Defendants have not already done so.

D.    An order transferring to EMI all of Defendants' Social Media Accounts, including all such accounts in Defendants' possession, custody, or control that include the word "entrepreneur" or any misspelling thereof, or are otherwise confusingly similar to or contain any of the EMI Marks.  To give practical effect to this order, a further order requiring the social networking service (e.g., Twitter, YouTube, Instagram, etc.) for any of the foregoing accounts to, within fourteen (14) days of receipt of the order, transfer those subject accounts to EMI if Defendants have not already done so.

E.     An order finding that, by the acts complained of above, Defendants have infringed EMI's federally registered trademarks in violation of 15 U.S.C. § 1114.

F.     An order finding that, by the acts complained of above, Defendants have created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

G.     An order finding that, by the acts complained of above, Defendants have engaged in common law trademark infringement.

H.     An order finding that, by the acts complained of above, Defendants have engaged in common law unfair competition.

I.     An order awarding EMI damages as follows:

    i.     Pursuant to 15 U.S.C. § 1117(a), EMI's actual damages, as well as all of Defendants' profits or gains of any kind from their acts of trademark infringement, false designation of origin, and unfair competition, including a trebling of those damages; and

    ii.     Punitive damages pursuant to California common law.

J.     An order pursuant to 15 U.S.C. § 1117(a) finding that this is an exceptional case and awarding EMI its reasonable attorneys' fees.

K.     An order pursuant to 15 U.S.C. § 1117(a) awarding EMI all of its costs, disbursements, and other expenses incurred due to Defendants' unlawful conduct.

L.     An order awarding EMI pre-judgment interest.

M.     An order awarding EMI such other relief as the Court deems appropriate.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated:  June 7, 2017

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Perry J. Viscounty*
Perry J. Viscounty

*Attorneys for Plaintiff*
ENTREPRENEUR MEDIA, INC.